UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BATEE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )   No. 4:10CV01239 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on *pro se* Movant Michael Batee's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. #1]. The United States has filed a Response [ECF No. #11] and the Movant has filed a Reply [ECF No. #21].

I.      **BACKGROUND[1]**

On August 16, 2007, Movant was indicted on four counts: count one, kidnapping, in violation of 18 U.S.C. § 1201; count two, carjacking, in violation of 18 U.S.C. § 2119; count three, possessing and brandishing a firearm in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and count four, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Movant proceeded to jury trial with two attorneys serving as his defense counsel.

At trial, the United States sought to introduce evidence of other criminal acts committed

---

[1] The criminal trial that underlies Movant's present motion can be found at *United States v. Batee*, 4:07-cr-00482-SNL. The Honorable Stephen N. Limbaugh, now retired, presided over Movant's criminal trial.

by Movant.  Movant's defense counsel objected, arguing that this evidence was prohibited by Fed. R. Evid. 404(b).  The Court overruled this objection and admitted the evidence of Movant's other criminal acts.  At the close of the five-day trial, the jury found Movant guilty on all four counts.  On June 20, 2008, the Court entered judgment upon the verdict, and Movant was sentenced to a total of 444 months in federal prison.

Movant appealed his conviction to the United States Court of Appeals for the Eighth Circuit.  One of Movant's trial attorneys served as his appellate counsel.  As his sole point on appeal, Movant challenged the admission of evidence of Movant's other criminal acts, arguing again that this evidence was barred by Fed. R. Evid. 404(b).  In a per curiam opinion, the Eighth Circuit held that "any error in the admission of the other-crimes evidence in this case was harmless in light of the overwhelming evidence of Batee's guilt."  *United States v. Batee*, 355 F. App'x. 90, 91 (8th Cir. 2009).  In addition, the Eighth Circuit stated that it had "independently reviewed the record under *Penson v. Ohio,* 488 U.S. 75, 80 (1988), for other nonfrivolous issues and [] found none."  *Id.*  The Eighth Circuit affirmed Movant's conviction.  *Id.*

On July 8, 2010, Movant filed *pro se* the pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Movant seeks relief under two theories: first, that the District Court erred by admitting evidence prohibited by Fed. R. Evid. 404(b); and secondly, that his defense counsel's representation at trial was ineffective.

## II.    LEGAL STANDARD: RELIEF UNDER 28 U.S.C. § 2255

By filing a motion under 28 U.S.C. § 2255, a federal prisoner may seek to "vacate, set aside or correct" a sentence imposed against him, on the ground that "the sentence was imposed in violation of the Constitution or the laws of the United States[.]"  28 U.S.C. § 2255(a).  Relief

2

under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Section 2255 does not provide a means for movants to relitigate the merits of the evidence presented at their trial. *See Houser v. United States*, 508 F.2d 509, 513-14 (8th Cir. 1974) ("Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. 2255 does not give them the right to try over again the cases in which they have been adjudged guilty.") (citing *Taylor v. United States*, 177 F.2d 194, 195 (4th Cir. 1949)).

Procedural default may limit the relief available under § 2255.  First, a court cannot consider claims presented in a § 2255 motion that were previously raised and decided on direct appeal. *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (citing *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.")).  Second, a movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)

An ineffective assistance of counsel claim, however, may be raised for the first time in a § 2255 motion, regardless of whether it could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).  This exception to the general procedural default rule

exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would claim his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003) (citation omitted).

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). In contrast, a court may dismiss a claim without an evidentiary hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

## III.   DISCUSSION

Movant seeks relief under two theories. First, Movant claims that the District Court erred by admitting evidence prohibited by Fed R. Evid. 404(b). Secondly, Movant claims that in various ways, his defense counsel's representation at trial was ineffective. Because Movant is filing *pro se*, the Court has given his filings a liberal interpretation. *Smith v. Hundley*, 190 F.3d 852, 855 n.7 (8th Cir. 1999) (courts must give *pro se* filings a liberal construction) (citations omitted).

4

A.      Fed. R. Evid. 404(b)

Movant claims that the District Court erred in permitting the United States to admit evidence of his other criminal actions, and such evidence is prohibited by Fed R. Evid. 404(b).[2] After his conviction, Movant first raised this issue on direct appeal to the Eighth Circuit.  *See Batee*, 355 F. App'x. at 91.  The Eighth Circuit rejected this claim, holding that "any error in the admission of the other-crimes evidence in this case was harmless in light of the overwhelming evidence of Batee's guilt."  *Id.* at 91.

Because the admissibility of the evidence of Movant's other criminal activity has already been raised and decided on direct appeal, Movant is procedurally barred from raising this issue again in the present motion under § 2255.  *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (in reviewing a § 2255 motion, court will not consider claims raised and decided on direct appeal) (citing *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992)  ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.")).  Furthermore, the Eighth Circuit has stated that "claimed errors in evidentiary rulings ... do not state a claim for relief under 2255."  *Houser v. United States*, 508 F.2d 509, 515-16 (8th Cir. 1974).  For these reasons, Movant's request for relief on this ground will be denied.

---

[2] In his Motion, Movant has labeled this claim as a "4th Amendment Issue."  Movant's claim is that the District Court admitted evidence of Movant's prior criminal actions in violation of Fed. R. Evid. 404(b) (stating, in part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").  Movant's claim is not that he has been subjected to an unreasonable search or seizure.  *See* U.S. Const., amend IV.  Furthermore, he does not allege any facts that could possibly present a Fourth Amendment claim.  Accordingly, the Court finds that Movant has not suffered a violation of his Fourth Amendment rights.

**B.     Ineffective Assistance of Counsel**

Next, Movant claims that at trial he received ineffective assistance of counsel.  Movant

may present these claims for the first time in the present motion.  *Massaro*, 538 U.S. at 504.

In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective

assistance of counsel requires a movant to demonstrate: (1) that counsel's performance was

deficient, in that "counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed by the Sixth Amendment," and (2) that counsel's "deficient performance

prejudiced the defense."  466 U.S. 668, 687 (1984).  The Court may address the two *Strickland*

prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court

need not address the other prong.  *Id.* at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th

Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of

the test.").

Establishing ineffective assistance of counsel is "a heavy burden."  *United States v. Apfel*,

97 F.3d 1074, 1076 (8th Cir. 1996).  To prove the first prong of the *Strickland* test, a movant

must demonstrate that "counsel's representation fell below an objective standard of

reasonableness."  *Strickland*, 466 U.S. at 688.  "Judicial scrutiny of counsel's performance must

be highly deferential."  *Id.* at 689.  When evaluating counsel's performance, "a court must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance[.]"  *Id.* at 689.  "Accordingly, decisions involving trial strategy are

"'virtually unchallengeable.'"  *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010)

(quoting *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006)).

Even if sufficient proof exists with respect to the first prong of the *Strickland* test, relief is

available only if a movant also establishes the second prong -- that the deficient performance prejudiced the case. *Strickland*, 466 U.S. at 687.  To demonstrate prejudice, a movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In his Motion and Reply, Movant sets forth three claims alleging ineffective assistance of counsel.  The Court considers each of these claims, in turn.

### 1. Defense Counsel Failed to Argue Firearm Evidence[3]

First, Movant claims that his defense counsel failed to argue that no firearm was found on Movant's person at the time of is arrest, and that Movant's fingerprints were not found on the firearm he was charged with possessing.  In his Reply, Movant makes the additional claim that his defense counsel was ineffective for failing to be more aggressive in arguing this point.

Movant's claim that his defense counsel failed to present argument regarding the firearm is refuted by the record.  The trial transcript shows that Movant's defense counsel repeatedly cross-examined the Government's witnesses on, and presented argument to the jury about, the firearm that lead to the charges against Movant.[4]  Thus, the Court finds that "the record

---

[3] In his Motion, Movant labels this claim "Ineffective Assistance of Counsel Allowed A Due Process Violation of the Fifth Amendment."  After stating the basis for his claim that his counsel was ineffective, Movant states, "It is contended this was a Due Process Violation of the Fifth Amendment."  Policy favors giving a liberal interpretation to *pro se* pleadings, *Smith*, 190 F.3d at 855 n.7 (8th Cir. 1999), and the United States has not challenged Movant's characterization of this claim.  As a result, the Court will construe this claim as alleging a violation of the Sixth Amendment right to the assistance of counsel.

[4] *See, e.g., United States v. Batee*, 4:07-cr-00482-SNL, ECF No. 132, TR. at 18-19 (defense counsel's opening statement); ECF No. 133, TR. at 67-70 (cross-examination of Government's third witness), ECF No. 133, TR. at 157, 161, 167-72 (cross-examination of

affirmatively refutes the factual assertions upon which [Movant's claim] is based." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).

In addition, an attorney's method of argumentation is a matter of trial strategy to which this Court must be highly deferential. *Strickland*, 466 U.S. at 689; *see also United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001) ("We generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel.").

Upon applying the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, the Court finds that the advocacy of Movant's defense counsel was not constitutionally deficient. Because Movant's defense counsel was not deficient, there is no need to inquire further. *Id.* at 697; *Fields*, 201 F.3d at 1027. Accordingly, Movant's request for relief on this claim will be denied.

### 2. Defense Counsel Failed to Make the United States Prove Elements of Kidnapping and Carjacking

Next, Movant claims that his defense counsel failed to make the United States prove the elements of the offenses of kidnapping, 18 U.S.C. § 2101, and carjacking, 18 U.S.C. § 2119. In his Motion, Movant did not identify the elements the United States failed to prove, or the way in which the United States failed to meet its burden of proving those elements. In his Response, Movant gives more substance to his claim, arguing that video and testimonial evidence presented at trial does not prove that the Movant engaged in either a kidnaping or a car jacking.

---

Government's sixth witness); ECF No. 134, TR. at  77-78, 86-90 (cross-examination of Government's eighth witness); ECF No. 134, TR. at 190 (cross-examination of Government's tenth witness); ECF No. 136, TR. at 70, 71, 73, 75, 77, 78, 80-81, 87 (defense counsel's closing statement).

As written, Movant's claim appears to challenge the sufficiency of the evidence supporting his conviction.  Movant failed to raise this issue on direct appeal, and thus he is procedurally barred from raising it for the first time in the present § 2255 motion.  *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) ("A Petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.").  Even if the Court were to put that procedural bar aside, Movant's challenge to the sufficiency of the evidence presented at trial is without merit, given that the Eighth Circuit has already ruled that the Government presented "overwhelming evidence of Batee's guilt."  *United States v. Batee*, 355 F. App'x. 90, 91 (8th Cir. 2009).  Furthermore, the Eighth Circuit has stated that the insufficiency of the evidence is not a cognizable claim under § 2255, and thus not a grounds for relief under that section.  *Houser v. United States*, 508 F.2d 509, 516 (8th Cir. 1974).

As it is labeled, however, Movant's claim is that his defense counsel's representation at trial amounted to the ineffective assistance of counsel.  The record shows that during trial, Movant's defense counsel challenged the sufficiency of the evidence presented on two occasions. *Batee*, 4:07-cr-00482 SNL, ECF No. 135, TR. 268 (at the close of the Government's case, defense counsel moved for judgment of acquittal based on insufficiency of the evidence) and ECF No. 136, TR. at 39 (at close of evidence, defense counsel moves for judgment of acquittal). Movant has not alleged any facts showing either that his counsel's representation was deficient, or that his counsel's deficient conduct prejudiced his defense.  *Strickland,* 466 U.S. at 687.

In his Reply, Movant presents an additional claim: that his attorney provided ineffective assistance on direct appeal, by failing to appeal the sufficiency of the evidence to the Eighth

Circuit.  To prevail on this claim, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005).  Therefore, to prevail, Movant must show that if his attorney had appealed the conviction on grounds of insufficient evidence of kidnapping and car jacking, then the Eighth Circuit would not have rejected the appeal.

Movant cannot make this showing.  First, Movant has not alleged any facts showing that his attorney made an "unprofessional error" by failing to raise this issue on appeal.  Second, the Eighth Circuit ruled that the Government presented "overwhelming evidence of Batee's guilt," *Batee*, 355 F. App'x. at 91, and Movant cannot show that the Eighth Circuit would have ruled in his favor had his attorney presented raised the issue.  Accordingly, Movant's request for relief on this ground will be denied.

### 3. Defense Counsel's Overall Trial Representation

Finally, Movant claims that his defense counsel's overall trial representation amounts to the ineffective assistance of counsel.  Movant states that his defense counsel failed to act and argue in a sufficiently aggressive manner, asked questions on cross-examination that had the effect of strengthening the Government's case, and used the word "bamboozle" in his opening statement to prejudicial effect.

As an initial matter, the Court notes Movant cannot prevail on a claim of ineffective assistance of counsel based on the cumulative effect of his defense counsel's individual errors at trial.  *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) (movant cannot establish ineffective assistance by aggregating attorney's errors) (citations omitted).  In addition, Movant's claim is a

challenge to his defense counsel's trial strategy.  *Villalpando*, 259 F.3d at 939 ("We generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel.").  As discussed above, a court must give great deference attorney when reviewing matters of trial strategy.  *Strickland*, 466 U.S. at 689.  An attorney's decisions about the proper demeanor, questions, and words to employ during trial are "'virtually unchallengeable.'"  *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir.2006)).  Upon applying the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, the Court finds that actions of Movant's defense counsel were not constitutionally deficient.  Because Movant' defense counsel was not deficient, there is no need to inquire further.  *Id.* at 697; *Fields*, 201 F.3d at 1027.  Accordingly, Movant's request for relief on this ground will be denied.

## IV.    RIGHT TO AN EVIDENTIARY HEARING

Under 28 U.S.C. § 2255(b), the Court must hold an evidentiary hearing to consider the claims presented in a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is necessary, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotations and citation omitted).  The Court finds that the Movant's claims can be conclusively determined based upon the parties' filings and case record, and that the record affirmatively refutes Movant's claims.  Accordingly, Movant is not entitled to an evidentiary hearings on claims he has presented.

11

## V.       CERTIFICATE OF APPEALABILITY

To be entitled to a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The United States Supreme has interpreted this language to mean that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  This Court finds that Movant has failed to meet this standard.  Therefore, the Court will not issue a certificate of appealability as to any claims raised in Movant's Motion.

## VI.      CONCLUSION

As set forth herein, Movant's claims are without merit.  Movant is not entitled to relief under 28 U.S.C. § 2255.

Accordingly, **IT IS HEREBY ORDERED** that Movant Michael Batee's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim presented in Movant's Motion.

Dated this <u>23nd</u> Day of <u>September</u>, <u>2011</u>.

_____

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

12